IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KEVIN PRATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case 2:24-cv-02499-SHL-atc |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES; ) | |
| PRA GROUP, INC.; and VIKRAM ATAL, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS

Before the Court by Order of Reference[1] are Defendant Vikram Atal's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction, filed on June 18, 2025 (ECF No. 31), and Defendant PRA Group, Inc.'s ("PRA Group") Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction, filed on August 18, 2025 (ECF No. 41).[2] When Plaintiff Kevin Pratt failed to timely respond to Atal's Motion, the Court entered an Order to Show Cause on August 22, 2025, requiring Pratt to respond to it by September 5, 2025, and reminding him that his response to PRA Group's Motion was due by September 18, 2025. (ECF No. 44.) When Pratt again failed to respond to the Motions or the Order, on December 5, 2025, the Court entered the Second Order to Show Cause, requiring him to respond to both Motions by

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

[2] Defendant Portfolio Recovery Associates, LLC ("PRA LLC") filed an Answer in response to the Amended Complaint on August 18, 2025. (ECF No. 43.) As such, the recommendations for dismissal herein do not apply to PRA LLC.

December 15, 2025. (ECF No. 47.) In that Order, Pratt was admonished that "[t]his is Pratt's final warning and opportunity to respond to these Motions. No further extensions of time to respond will be permitted." (*Id.* at 2.) On December 16, 2025, Pratt filed a one-paragraph response to the Second Order to Show Cause, stating that he "seeks a continuance to file the rest of the required paragraph." (ECF No. 49.) Notwithstanding this Court's warning that no further extensions of time would be permitted—and nearly seven months after Atal filed his Motion and nearly five months after PRA Group filed its Motion—Pratt has provided no substantive response to the Motions whatsoever, and he has not provided good cause for any further extensions. As a result, the Court denies Pratt's belated request for additional time to respond and proceeds to the merits of the Motions.

For the reasons set forth below, the Court recommends that Atal's and PRA Group's Motions be granted, that they be dismissed from this case for lack of personal jurisdiction, and that this matter proceed as to PRA LLC pursuant to the Scheduling Order (ECF No. 36).

## PROPOSED FINDINGS OF FACT

Pratt filed his original Complaint on July 5, 2024, bringing claims against PRA LLC, Atal, and Andrew J. Holmes[3] for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.* ("FCRA"), and "the Constitution." (ECF No. 2.) In response to PRA LLC's and Atal's Motions to Dismiss the original Complaint (ECF Nos. 17, 18), Pratt submitted a proposed Amended Complaint, which the Court deemed as a Motion to Amend. (ECF No. 20-1.) As discussed in the Order Granting Pratt's Motion to Amend (ECF No. 27), Pratt's Amended Complaint (ECF No. 20-1) was

---

[3] Holmes was dropped as a Defendant by Pratt by way of his Amended Complaint. (ECF No. 20-1.) As such, he is not discussed further herein.

2

deemed filed,[4] such that Atal's and PRA LLC's initial Motion to Dismiss were deemed moot.[5] Atal's and PRA Group's instant Motions to Dismiss then followed.

Pratt generally alleges that Defendants violated the FDCPA, FCRA, and TILA through their purchase of credit accounts from Capital One USA N.A. and PRA LLC's subsequent attempts to collect on those accounts at various times between 2019 and 2024. (ECF No. 2-10; ECF No. 20-1, at 6–8.) Specifically, he contends that Defendants' purchase of the Capital One accounts was invalid and that he never had any business relationship with Defendants, such that PRA LLC's attempts to collect the debts was illegal. (*Id.*) In the Amended Complaint, Pratt, for the first time, conclusorily alleges that "[t]he occurrences which gives rise to this action occurred in Memphis, Tennessee and Pratt resides in Memphis, Tennessee." (ECF No. 20-1, at 6.) Though the Court has no reason to doubt that Pratt presently resides in Tennessee, all of the exhibits to the Complaint show that any conduct that could be attributed to Defendants took place exclusively in Mississippi. (*See* ECF Nos. 2-1–2-11.) A review of these exhibits establishes that all of Defendants' interactions with Pratt concerning the financial accounts at

---

[4] Pratt attached multiple exhibits to his original Complaint (ECF No. 2), but he did not attach any exhibits to his Amended Complaint. Given his *pro se* status, the Court will construe his exhibits to the original Complaint as exhibits to the Amended Complaint as well. *See Minner v. Shelby Cnty. Gov't*, No. 2:17-cv-2714-JPM-cgc, 2018 WL 4762136, at *4 (W.D. Tenn. Oct. 2, 2018) (citing *Taylor-Merideth v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:16-cv-00612, 2017 WL 1164583, at *1 (M.D. Tenn. Mar. 28, 2017), for the proposition that "[i]t is apparent to the Court that [Plaintiff] likely did not understand that her Amended Complaint would supersede the original Complaint, and that therefore she needed to re-allege the facts entitling her relief. . . . In light of the lenient standards afforded to *pro se* litigants at the pleading stage, the Court will construe the Complaints together rather than require additional amendment."); *Leggett v. W. Express Inc.*, No. 3:19-cv-00110, 2020 WL 1161974, at *1 n.1 (M.D. Tenn. Jan. 6, 2020), *report and recommendation adopted sub nom. Leggett v. W. Express Inc*, 2020 WL 1158140 (M.D. Tenn. Mar. 10, 2020) (citations omitted) (same).

[5] Pratt named PRA Group as a Defendant for the first time in his Amended Complaint, and he also included claims against Defendants for violations of the Truth in Lending Act, 15 USC § 1602, *et. seq* ("TILA"). (ECF No. 20-1, at 1.)

issue took place in Mississippi, as opposed to Tennessee, and that all of those interactions involved PRA LLC, as opposed to Atal and PRA Group. (*Id.*)

As the basis for this Court's personal jurisdiction over Atal and PRA Group, and though he concedes that Defendants are "in fact, separate entities," Pratt alleges that Atal and PRA Group are "indirectly" responsible for PRA LLC's alleged liability in this case because PRA LLC is a wholly-owned subsidiary of PRA Group and because Atal is their CEO. (ECF No. 20-1, at 2–3.) Other this his allegations that Atal and PRA Group are vicariously liable for PRA LLC's conduct by virtue of Atal's role as CEO and PRA Group's ownership of PRA LLC, the Amended Complaint is devoid of any allegations that PRA Group or Atal had any interactions whatsoever with Pratt. (*See* ECF Nos. 2-1–2-11, 20-1.)

As set forth in Atal's Motion to Dismiss and affidavit in support,[6] Atal is a resident of Virginia, and he does not regularly travel to, engage in business in, correspond with residents of, or have any relationships with people residing in the State of Tennessee. (ECF Nos. 31-1, at 2–3; ECF No. 31-2, at 2–3.) Atal is the CEO of PRA Group, which is the parent company of PRA LLC; he has no direct involvement, control or participation with "the day-to-day decision-making or operations of PRA [LLC] in the collection of specific debts or accounts"; and he has never interacted with Pratt or had any involvement with "PRA's attempt to collect Mr. Pratt's

---

[6] When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the Court may consider the pleadings and affidavits submitted in support of the motion. Where, as here, the motions are decided without an evidentiary hearing, the "the pleadings and affidavits [are considered] in the light most favorable to the nonmovant." *Carbone v. Kaal*, 140 F.4th 805, 809 (6th Cir. 2025) (citing *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 847 (6th Cir. 2017)). "In this procedural posture, we do not weigh the facts disputed by the parties but instead consider the pleadings in the light most favorable to the plaintiff, although we may consider the defendant's undisputed factual assertions." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citations omitted). As noted above, Pratt has failed to provide any substantive argument or evidence in response to Atal's and PRA Group's Motions and affidavits, such that are undisputed.

4

debt." (ECF Nos. 31-1, at 3–4; ECF No. 31-2, at 3–4.) With respect to PRA Group, it is incorporated in Delaware with a principal place of business in Virginia"; it is the parent company of PRA LLC, which has a "separate business purpose and is its own separate entity"; of PRA Group's subsidiaries, only PRA LLC "purchases and owns defaulted, non-performing account receivables in the United States"; "PRA Group does not directly purchase, own, or collect defaulted, non-performing account receivables", it "does not conduct any business or maintain an office in Tennessee"; and it is "not registered with the Tennessee Secretary of State and does not have a registered agent for service of process in Tennessee." (ECF No. 41-1, at 3–6; ECF No. 41-2, at 2–3.) Pratt has failed to offer any anything to rebut Defendants' now undisputed, relevant factual assertions. Rather, the only of these contentions that he comes close to disputing are that Atal is CEO of both PRA Group and PRA LLC (as opposed to only PRA Group) and that PRA Group is incorporated in Virginia (as opposed to Delaware) (ECF No. 20-1, at 2–3), but these minor distinctions make no difference to the analysis below.

## PROPOSED CONCLUSIONS OF LAW

### I.      Rule 12(b)(2) Standard of Review

A plaintiff bears the burden of demonstrating personal jurisdiction over a defendant. *See Williams v. FirstPlus Home Loan Tr. 1996-2*, 209 F.R.D. 404, 409 (W.D. Tenn. 2002) ("To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff has the burden of making a *prima facie* showing of facts sufficient to justify personal jurisdiction." (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998))). "A district court has discretion in how it resolves a 12(b)(2) motion." *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020) (citing *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Where, as here, the determination is based on the pleadings, "the plaintiff need only make a

'prima facie' case that the court has personal jurisdiction." *Conn*, 667 F.3d at 711 (citing *Kroger Co. v. Malease Foods Corp.*, 437 506, 510 (6th Cir. 1991)).  The pleadings and affidavits are viewed in the light most favorable to the nonmovant, but the Court "may consider the defendant's undisputed factual assertions." *Id.* (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 150 (6th Cir. 1997); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261–62 (6th Cir. 1996)).

"Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)).  Under Tennessee's long-arm statute, personal jurisdiction may be asserted on "any basis not inconsistent with the constitution of this state or of the United States." Tenn. Code Ann. § 20-2-214(a)(6).  "Tennessee's long-arm statute extends to the limits of due process.  As a result, we need determine only whether exercising personal jurisdiction over the defendants violates due process." *Bulso v. O'Shea*, 730 F. App'x 347, 349 (6th Cir. 2018) (citing *Harmer v. Colom*, 650 F. App'x 267, 272 (6th Cir. 2016)).

As discussed recently by the Sixth Circuit in *Carbone*:

Personal jurisdiction can be either "general" or "specific."  General jurisdiction exists when a defendant's relationship with the forum state is so continuous and systematic as to render it essentially at home there.  On the other hand, specific jurisdiction arises out of or relates to the defendant's contacts with the forum.  Indeed, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.  For a court to exercise specific jurisdiction over a defendant, a plaintiff must establish a substantial connection among the defendant, the forum, and the litigation. Our primary concern under either type of jurisdiction is the burden on the defendant.

6

140 F.4th at 810 (quotations omitted and cleaned up).  Where, as here, the plaintiff "never argued that the district court had general jurisdiction over Defendants," the Court need "consider only whether he established specific jurisdiction." *Id.*; *see also Carter v. Univ. of Tex. at Dall.*, No. 20-1714, 2021 WL 243811, at *3–4 (6th Cir. Jan. 20, 2021) (affirming dismissal of the defendants as not subject to specific personal jurisdiction, without addressing general jurisdiction because it was not raised by the plaintiff).[7]

## II.     Atal's and PRA Group's Motions to Dismiss

Pratt must make a *prima facie* showing that the Court's specific personal jurisdiction complies with due process by demonstrating that:

> (1) the defendants purposefully availed themselves of the privilege of acting in the forum state, (2) the cause of action arises from the defendants' activities in the forum state, and (3) the defendants' acts or consequences "have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant[s] reasonable."

*Bulso*, 730 F. App'x at 349 (quoting *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012)).  He has failed to do so as to both Atal and PRA Group.

As to the first factor, "[t]his 'requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person.'" *Carbone*, 140 F.4th at 810 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985)).  "Simply put, the contacts must be the defendant's own choice, and they must create a substantial connection with the forum State." *Id.* (quotations omitted).  As to a corporate officer, "[j]urisdiction over the individual officers of a

---

[7] In this case, Pratt does not allege facts that might give rise to general personal jurisdiction over Atal and PRA Group.  (*See* ECF Nos. 2, 2-1–2-11, 20-1.)  Nor could he, as Atal and PRA Group are not residents of Tennessee, and it is undisputed that they do not have continuous and systemic contacts with Tennessee to make them essentially at home here.  (*See, e.g.*, ECF No. 20-1, at 2–10; ECF No. 31-1, at 2–3; ECF No. 31-2, at 2–3; ECF No. 41-1, at 3–6; ECF No. 41-2, at 2–3.)  As a result, the Court will only address specific jurisdiction.

corporation cannot be predicated merely upon jurisdiction over the corporation." *Borke v. Warren*, No. 22-1270, 2023 WL 6367754, at *3 (6th Cir. Aug. 2, 2023) (quoting *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 356 (6th Cir. 2014)) (affirming dismissal of a corporate officer for lack of specific personal jurisdiction when the plaintiff alleged that the officer "was responsible for the day-to-day operations of [the corporate defendant], was a 'dealmaker,' and had sent a letter to two members of Congress about [an in-state project]. Those vague assertions do not show that Warren had a substantial connection to, or purposefully availed himself of the privilege of acting in, [the state]."). And as to a parent company, "a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998) (citations omitted) (affirming dismissal of a parent company because the plaintiff failed to allege specific actions it had taken, as opposed to its subsidiary company); *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (finding that jurisdiction over a corporation does not necessarily result in jurisdiction over a holding company that owns it). As discussed above, all of Defendants' interactions with Pratt concerning the financial accounts at issue took place in Mississippi, as opposed to Tennessee—not to mention that all of those interactions involved PRA LLC, as opposed to Atal and PRA Group. (*See* ECF Nos. 2-1–2-11; ECF No. 31-1, at 2–4; ECF No. 31-2, at 2–4; ECF No. 41-1, at 3–6; ECF No. 41-2, at 2–3.) Thus, Pratt has failed to demonstrate that either Atal or PRA Group purposely availed themselves of the privilege of acting in Tennessee.

As to the second factor, Pratt has not shown that his causes of action arose from Atal's or PRA Group's activities in Tennessee. Though he conclusorily alleges as much (ECF No. 20-1, at 2), the entirety of the rest of the Record, including the original Complaint and its exhibits

8

(ECF Nos. 2, 2-1–2-11), shows that any conduct that could be attributed to Atal or PRA Group took place exclusively in Mississippi.

As to the third factor, concerning the reasonableness of exercising jurisdiction over Atal and PRA Group in Tennessee, courts consider "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states interest in securing the most efficient resolution of the controversy." *Intera Corp. v. Henderson*, 428 F.3d 605, 618 (6th Cir. 2005) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir.1996)).  These considerations weigh heavily against exercising specific personal jurisdiction over Atal and PRA Group, as litigating this case in Tennessee is clearly burdensome on them, Tennessee has little interest in the results of a case concerning debt collection efforts that took place in Mississippi, and Pratt's interest in obtaining relief is adequately protected through his claims against PRA LLC, which remain pending.

Because Pratt has failed to make a *prima faci*e showing that might support any of the three *Bulso* factors—and in fact, each of them weigh heavily against the Court's exercise of specific personal jurisdiction—Atal's and PRA Group's Motions to Dismiss should be granted.

## RECOMMENDATION

For the reasons set forth above, the Court recommends that Atal's and PRA Group's Motions (ECF Nos. 31, 41) be granted, that they be dismissed from this case for lack of personal jurisdiction, and that this matter proceed as to PRA LLC pursuant to the Scheduling Order (ECF No. 36).

Respectfully submitted this 14th day of January, 2026.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.