IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KEVIN PRATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-02499-SHL-atc |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, PRA GROUP, INC., ) | |
| and VIKRAM ATAL, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT ATAL'S AND DEFENDANT PRA GROUP, INC.'S
MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R"), filed January 14, 2026. (ECF No. 52.) The R&R recommends that the Court grant Defendant Vikram Atal's and Defendant PRA Group, Inc.'s Motions to Dismiss Amended Complaint for Lack of Personal Jurisdiction.[1] (Id. at PageID 437 (citing ECF Nos. 31, 41).)

Plaintiff Kevin Pratt filed the first Complaint on July 5, 2024, alleging claims against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA"), and "the Constitution." (ECF No. 2.) After Portfolio Recovery Associates, LLC ("PRA LLC") and Atal filed Motions to Dismiss, Pratt filed a proposed Amended Complaint, which the Court construed as a motion to amend. (See ECF Nos. 17, 18, 20-1.) The motion to amend was granted, Pratt's Amended Complaint was deemed filed, and the initial Motions to Dismiss were rendered moot.

---

[1] All references to "Defendants" herein apply only to Atal and PRA Group, Inc.

(ECF No. 27.)  The Amended Complaint added a claim under the Truth in Lending Act, 15 USC § 1602, et seq. ("TILA").  (ECF No. 20-1 at PageID 197.)

Pratt's claims are based on credit accounts he had with Capital One USA N.A. and PRA LLC's attempts to collect on those accounts.  The Amended Complaint alleges that Defendants invalidly purchased the Capital One accounts and that Pratt never had a business relationship with Defendants.  (ECF No. 20-1 at PageID 202–07.)  For these reasons, Pratt asserts the debt collection attempts were illegal.

Pratt also alleges that "[t]he occurrences which gives[sic] rise to this action occurred in Memphis, Tennessee and Pratt resides in Memphis, Tennessee," and that Atal and PRA Group are "indirectly" responsible for PRA LLC's liability because Atal is PRA Group's CEO and PRA Group wholly owns PRA LLC.  (ECF No. 20-1 at PageID 198.)  Therefore, according to Pratt, the Court has personal jurisdiction over Atal and PRA Group.  (Id. at PageID 197–98.)

The present Motions to Dismiss followed.  Atal filed his Motion on June 18, 2025, (ECF No. 31), and PRA Group filed its Motion on August 18, 2025 (ECF No. 41).  As for Atal, he asserts that he is a Virginia resident, and that he does not regularly travel to, do business in, correspond with residents of, or have relationships related to Tennessee.  (ECF Nos. 31-1 at PageID 271–72; 31-2 at PageID 290–91.)  Although he serves as the CEO of PRA Group, which is PRA LLC's parent company, he argues he has no control over the everyday operations of PRA LLC or its debt collection work.  (Id. at PageID 272, 282.)  And, as for PRA Group, it argues (1) it is incorporated in Delaware with a principal place of business in Virginia; (2) it is the parent company of PRA LLC, which has a "separate business purpose and is its own separate entity"; (3) of PRA Group's subsidiaries, only PRA LLC "purchases and owns defaulted, non-performing account receivables in the United States"; (4) "PRA Group does not directly

purchase, own, or collect defaulted, non-performing account receivables" and "does not conduct any business or maintain an office in Tennessee"; and (5) it is "not registered with the Tennessee Secretary of State and does not have a registered agent for service of process in Tennessee." (ECF Nos. 41-1, at PageID 330–33; 41-2, at PageID 349–50.)

The R&R, filed on January 14, 2026, considers only whether Pratt established specific jurisdiction over Atal and PRA Group, as Pratt "never argued that" the Court has general jurisdiction. (ECF No. 52 at PageID 443) (quoting Carbone v. Kaal, 140 F.4th 805, 810 (6th Cir. 2025)).) Pratt must show specific jurisdiction by demonstrating (1) defendants purposefully availed themselves of the forum state, (2) the claims have a nexus to defendants' activities in the forum state, and (3) the defendants' acts "have a substantial enough connection" to the forum states such that personal jurisdiction is reasonable. (ECF No. 52 at PageID 443 (quoting Bulso v. O'Shea, 730 F. App'x 347, 349 (6th Cir. 2018)).)

Addressing the first factor, the R&R states that Defendants did not purposefully avail themselves of Tennessee—rather, "all of Defendants' interactions with Pratt concerning the financial accounts at issue took place in Mississippi." (ECF No. 52 at PageID 444.) As for the second factor, the R&R concludes that Pratt has not shown that his claims arise from Defendants' activities in Tennessee, despite his conclusory allegations otherwise. (Id. at PageID 444–45.) And, third, the R&R finds that it would be unreasonable to exercise jurisdiction over Defendants, as "litigating this case in Tennessee is clearly burdensome on them, Tennessee has little interest in the results of a case concerning debt collection efforts that took place in Mississippi, and Pratt's interest in obtaining relief is adequately protected through his claims against PRA LLC." (Id. at PageID 445.)

3

Given this analysis, the R&R recommends that Atal's and PRA Group's Motions to Dismiss be granted. (Id.) However, the R&R also recommends that this action proceed as to PRA LLC in accordance with the Scheduling Order.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Pratt's deadline to object to the R&R was January 28, 2026, and he has filed nothing in response. The Court has therefore reviewed the R&R in its entirety for clear error and finds none. The R&R properly explains that the Court lacks personal jurisdiction over Atal and PRA Group. Therefore, the Court **ADOPTS** the R&R, grants the pending Motions to Dismiss, and **DISMISSES** the Amended Complaint **WITHOUT PREJUDICE** as to Defendants Vikram Atal and PRA Group, Inc.

**IT IS SO ORDERED,** this 5th day of February, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE