**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KEVIN PRATT,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, PRA GROUP, INC., and VIKRAM ATAL,<br><br>Defendants. | ) | No. 2:24-cv-02499-SHL-atc |

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING DEFENDANT'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

Before the Court is United States Magistrate Judge Annie T. Christoff's Report and Recommendation to Dismiss for Failure to Prosecute ("R&R"), filed July 2, 2026. (ECF No. 61.) Judge Christoff recommends that the Court dismiss pro se Plaintiff Kevin Pratt's case based on his repeated failures to respond to Defendant Portfolio Recovery Associates, LLC's ("PRA") motions and comply with court orders. (Id. at PageID 875–76.) Judge Christoff also recommends denial of PRA's pending motion for summary judgment as moot. (Id. at PageID 876.) PRA filed objections to the R&R on July 16, 2026, agreeing with Judge Christoff's failure-to-prosecute analysis and dismissal recommendation, but contending that dismissal should be with prejudice because of Pratt's allegedly contumacious conduct. (ECF No. 62.) Given PRA's specific objection, the undersigned reviews the issue of dismissal with prejudice de novo, and the remainder of the R&R for clear error. As explained below, PRA's objections are **OVERRULED** and the R&R (ECF No. 61) is **ADOPTED IN FULL**. This action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute, and PRA's Motion for

Summary Judgment (ECF No. 59) is **DENIED AS MOOT**. However, if Pratt re-files this case, the Court will consider whether any of PRA's costs and fees associated with this action should be assessed against him.

Given this result, all pretrial deadlines are **STRICKEN** and the trial, scheduled for September 22, 2026, is **CANCELLED**.

## I. BACKGROUND

Because neither Party objects to the proposed factual findings in the R&R, and the factfinding contains no clear error, that portion of the R&R is **ADOPTED** and included herein.

Pratt's Amended Complaint, filed on March 14, 2025, alleges claims against PRA[1] for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. 1681 ("FCRA"), the Truth in Lending Act, 15 USC § 1602, ("TILA"), and the United States Constitution. (ECF No. 20-1.) Pratt's claims are based on credit accounts he had with Capital One USA N.A. and PRA's attempts to collect on those accounts. The Amended Complaint alleges that Defendants invalidly purchased the Capital One accounts, and that Pratt never had a business relationship with PRA. (ECF No. 20-1 at PageID 202–07.) For these reasons, Pratt asserts the debt collection attempts were illegal.

Pratt's failures to timely respond to dispositive motions and court orders pervade this record. (ECF No. 61 at PageID 876.) The issues began with his failure to timely respond to the motions to dismiss filed by Defendants PRA and Atal. (ECF Nos. 17, 18.) On February 24, 2025, the Court ordered Pratt to show cause. (ECF No. 19.) He responded on March 14 with a filing that the Court construed as a motion to amend, as it contained a proposed amended

[1] Defendants Vikram Atal and PRA Group, Inc., were dismissed from this action on February 12, 2026. (ECF No. 54.)

complaint. (ECF No. 20.) That motion was granted and the Amended Complaint was deemed filed. (ECF No. 27.) The pending motions to dismiss were then denied as moot. (Id.)

Later, Pratt failed to timely respond to Atal's and PRA Group Inc.'s second motions to dismiss, based on lack of personal jurisdiction (ECF Nos. 31, 41), so the Court entered a second show cause order on August 22, 2025. (ECF No. 44.) That order required Pratt to respond by September 5. (Id. at PageID 409.) He failed to show cause and failed to respond to the motions. Therefore, on December 5, 2025, the Court entered a third show cause order providing Pratt a final chance to respond to those motions by December 15, 2026. (ECF No. 47.) Pratt responded with a one-paragraph filing dated December 14, 2025, which was not received by the Clerk of Court until December 16, 2025. (ECF No. 49.) In that filing, Pratt stated that this litigation was negatively impacting his finances and marriage, and asked for more time to file a response to Defendants' motions. (Id. at PageID 414.) Insofar as Pratt's filing requested another extension, Judge Christoff denied that relief in a Report and Recommendation, noting that it was several months late, lacked any "substantive response to the Motions," and did not explain good cause for an extension. (ECF No. 52.) That R&R also recommended granting Atal and PRA Group Inc.'s motions to dismiss. (Id. at PageID 445.) The undersigned adopted that R&R on February 5, 2026 and dismissed the claims against Atal and PRA Group Inc. (ECF No. 53.)

Pratt's hampering of forward progress here continued into the new year. On May 11, 2026, PRA filed a Motion for Summary Judgment. (ECF No. 59.) Pratt's deadline to respond to the Motion was June 11, 2026. See Fed. R. Civ. P. 6(d) (adding three additional days for service through the mail). No response was filed. Thus, the Court entered a fourth show cause order on June 16, 2026. (ECF No. 60.) That order unequivocally stated that failure to respond by June

24, "will result in the dismissal of this case" under Federal Rule 41(b) for failure to prosecute. (Id. at PageID 874.)

Again, Pratt did not respond. He has not engaged in any docket activity at all since December 16, 2025, despite PRA's pending Motion for Summary Judgment, the Court's final show cause order, and the September 22, 2026, trial date. (ECF No. 61 at PageID 877.) Thus, Judge Christoff entered the instant R&R, in which she recommends dismissal for failure to prosecute under Rule 41(b). (ECF No. 61.) The applicable law and the R&R's analysis are considered in more detail below.

## II. ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Federal Rule of Civil Procedure 41(b) "provides for involuntary dismissal of a complaint where the plaintiff has failed 'to prosecute or to comply with'" the Federal Rules "or a court order." Shavers v. Bergh, 516 F. App'x 568, 569 (6th Cir. 2013) (quoting Fed. R. Civ. P. 41(b)). Courts use the rule "to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." Id. (citing Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999)). A court has "substantial discretion" in deciding whether to dismiss under Rule 41(b) and may

make such determinations sua sponte. Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (quoting Knoll, 176 F.3d at 363); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962) (explaining that the power to dismiss for failure to prosecute is "of ancient origin").

The Knoll factors guide the Rule 41(b) dismissal analysis. Those factors include whether (1) there was willfulness, bad faith, or fault on the plaintiff, (2) the opponent was prejudiced by the plaintiff's conduct, (3) there were prior warnings to the plaintiff about the risk of dismissal, and (4) less drastic sanctions were considered before dismissal. Schafer, 529 F.3d 736 (quoting Knoll, 176 F.3d at 363).

Dismissal for failure to prosecute may be with or without prejudice. Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.") Dismissal with prejudice is the most severe sanction and may be inappropriate when dismissal without prejudice will serve the interests of justice. Hill v. Gen. Motors Corp., 897 F.2d 529 (Table), 1990 U.S. App. LEXIS 3546, at *8 n.2 (6th Cir. Mar. 8, 1990); Consolidation Coal Co. v. Gooding, 703 F.2d 230, 232–33 (6th Cir. 1983) (citation omitted) (describing dismissal with prejudice is "harsh" because it prevents a litigant from pursuing their claims).

Although pro se and indigent litigants are not excused from the "straightforward procedural requirements" of civil lawsuits, Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991), courts are disinclined to ultimately deprive such plaintiffs of their day in court based solely on their abandonment of an action. See, e.g., Grayson v. Serv. Elec. Co., No. 24-CV-70, 2024 U.S. Dist. LEXIS 193047, at *6 (E.D. Tenn. Oct. 24, 2024) ("[A]dditional warnings would not be appropriate or effective, because [plaintiff] has already been warned twice that failure to move

for entry of default could lead to dismissal of his case. Dismissal with prejudice, on the other hand, is a harsher sanction than necessary under these circumstances." (internal citation omitted)); Curry v. Larkins, No. 20-CV-248, 2022 U.S. Dist. LEXIS 243777, at *9 (E.D. Tenn. Feb. 16, 2022) ("[T]he availability of other potential sanctions weighs against a dismissal with prejudice at this time, but . . . a dismissal without prejudice is warranted."); Wingate v. Wal-Mart Stores, Inc., No. 16-CV-1785, 2017 U.S. Dist. LEXIS 51161, at *15 (N.D. Ohio Mar. 14, 2017) ("Courts within this Circuit have noted that a district court should not dismiss with prejudice in cases in which an alternative sanction would better serve the interests of justice." (citations omitted)), R. & R. adopted, 2017 U.S. Dist. LEXIS 51162 (N.D. Ohio Apr. 4, 2017)).

As for Judge Christoff's conclusions of law, she first concludes that Federal Rule of Civil Procedure 41(b) governs here because Pratt has failed to prosecute this action and was warned that involuntary dismissal may occur. (ECF No. 61 at PageID 877.) Applying the Knoll factors, Judge Christoff concludes that all four weigh in favor of dismissal. As for the willfulness factor, it is "more than satisfied," given Pratt's repeated failures "to engage in the fundamental elements of litigation . . . over the life of this case." (Id. at PageID 879.) The second factor is also met, according to the R&R, because PRA had to waste effort, money, and time engaging in discovery and motions practice in this case. (Id. at PageID 879–80.) Judge Christoff concludes that the notice factor is likewise met because of the Court's prior unambiguous warnings to Pratt that dismissal may occur. (Id. at PageID 880.) And, fourth, no lesser sanction would have a deterrent effect on Pratt. (Id. at PageID 881.)

After concluding dismissal is warranted, Judge Christoff addresses whether it should be with or without prejudice. (Id.) She cites the competing interests of the Court's "docket management" and "the public policy interest of deciding cases on their merits." (Id. (quoting

Muncy v. G.C.R., Inc., 110 F. App'x 552, 556 n.5 (6th Cir. 2004)).) Given Pratt's pro se and indigent status, and prolonged inactivity, Judge Christoff concludes that dismissal without prejudice is appropriate here. (Id.)

The Court agrees with the legal conclusions in the R&R. First, the Court reviews Judge Christoff's four-factor dismissal analysis for clear error because neither Party objected to it. The four-factor analysis contains no clear error; it accurately recounts Pratt's record of contumacious, willful conduct in this case, for which he is at fault. It chronicles his repeated failure to respond to PRA's discovery requests and motions. It describes his often-insufficient responses, which demonstrate an abject failure to comply with procedural rules—rules that the Court put him on notice of at least four times. PRA agrees that dismissal is warranted, also. (ECF No. 62 at PageID 885.) Accordingly, the Court **ADOPTS** the R&R's conclusion that this action should be dismissed for failure to prosecute.

The "without-prejudice" issue remains and is reviewed de novo. In its objections, PRA argues that, based on the "unique procedural posture of this case and the substantial merits record," dismissal without prejudice would be unduly prejudicial to PRA. (ECF No. 62 at PageID 884.) Specifically, PRA argues that Pratt's filing of "meritless claims" and repeated failures to respond to motions and court orders, demonstrate "precisely the type of conduct that warrants dismissal with prejudice." (Id. at PageID 884–85.) PRA highlights Pratt's lack of response to both its Motion for Summary Judgment and the Court's final show cause order. (Id. at PageID 885.) PRA further asserts that it has suffered an extraordinary burden in defending this case, including "four motions to dismiss;" mediation; discovery requests and responses; and "a comprehensive motion for summary judgment." (Id. at PageID 885–86.) As a result, it argues, dismissing without prejudice and allowing Pratt to later "reassert the same claims in a

subsequent action," is untenable. (Id. at PageID 886.) Alternatively, PRA requests that the Court grant its Motion for Summary Judgment. (Id. at PageID 888.)

The Court has broad discretion in its dismissal decision, and, pursuant to such discretion, finds that dismissal without prejudice is appropriate here. First, under these circumstances, a court should consider sanctions less harsh than dismissal with prejudice. See Schafer, 529 F.3d at 738. Dismissal with prejudice is a "harsher sanction than necessary," as it would be tantamount to a ruling on the merits against a pro se, indigent plaintiff. See Grayson, 2024 U.S. Dist. LEXIS 193047, at *6.

There are competing interests here, including the Court's interest in "docket management," "the public policy interest in the disposition of cases on their merits," and PRA's expenditure of resources related to claims that Pratt has abandoned. See Muncy, 110 F. App'x at 556 n.5. Given the public policy consideration, and particularly because Pratt is pro se, this action should not be dismissed with prejudice simply because he abandoned it. True, Pratt engaged in delay and misconduct that justifies dismissal and should be deterred from such conduct in the future. However, dismissal without prejudice properly serves as a "sanction for [that] misconduct" while ensuring disposition on the merits is "not unavoidably compromised." Id. Dismissal alone signals that Pratt's misconduct will not be tolerated. Given his abandonment of the case at this late stage, he likely understands PRA's arguments and evidence in opposition to his claims. Also, it is entirely possible that he believes he cannot meet his burden at trial against PRA. The Court simply does not know, because Pratt has filed nothing since 2025.

PRA insists, in the alternative, that the Court grant its Motion for Summary Judgment rather than adopt the R&R in full. (ECF No. 62 at PageID 889.) It cites judicial economy, finality, and future litigation concerns. (Id.) But the Court is unconvinced that deciding the

summary judgment motion, which addresses claims that Pratt abandoned, would serve judicial economy, when Rule 41(b) dismissal is available instead. The Court's time and resources would be wasted were it to consider the Motion. And the Motion cannot be granted summarily; it necessitates a more searching inquiry into the asserted facts and substantive law. See Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991) (explaining that a court must determine whether a summary judgment movant has met their burden even when the nonmovant has not responded").

However, recognizing the arguably wasted resources PRA has expended, if Pratt re-files this action, the Court will consider a request for reimbursement by Pratt of any duplicative costs and fees incurred by PRA.

Ultimately, this course furthers judicial economy while preventing further consumption of the Parties' resources. The Court recognizes that PRA's prejudice argument is based on the many hours it has expended on this case. This Court, and, to a lesser extent, Pratt, have also spent hours on this case. If PRA is correct that Pratt's claims are meritless, and that "substantial portions" of them "are already time-barred," it should not be difficult or time-consuming for it to re-assert those arguments later, in the unlikely event that Pratt re-files his claims. And, if Pratt does, PRA may be able to recover duplicative expenditures.

Therefore, the factual findings and legal conclusions of the R&R are **ADOPTED IN FULL** and PRA's objections are **OVERRULED**.

## III. CONCLUSION

For the reasons stated herein, PRA's objections are **OVERRULED** and the R&R (ECF No. 61) is **ADOPTED IN FULL**. This action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute, and PRA's Motion for Summary Judgment (ECF No. 59) is **DENIED AS**

**MOOT**. All pretrial deadlines are **STRICKEN** and the trial, scheduled for September 22, 2026, is **CANCELLED**.

**IT IS SO ORDERED,** this 31st day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE